[No. 6861.  Decided November 23, 1907.]

MITCHELL, LEWIS & STAVER COMPANY, *Respondent*, v.
C. B. BEESON *et al.*, *Appellants*.[1]

PRINCIPAL AND SURETY—BOND GUARANTEEING LEASE—CONSTRUCTION—EXPIRATION OF LEASE—LIABILITY OF SURETIES. The sureties upon a bond guaranteeing the faithful performance of the lease of a steamer, on the part of the lessees, in which lease it was provided that the steamer should be kept free from liens and especially that it be delivered to the owners on the termination of the lease, are liable for the amount of liens accruing against the vessel after the termination of the lease, where the lessees failed to return the same to the owners as required by the lease; and it is immaterial that the place of the return was not designated.

Appeal from a judgment of the superior court for King county, Tallman, J., entered December 15, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action upon a surety bond. Affirmed.

*Edgar S. Hadley*, for appellants.

*Shank & Smith*, for respondent.

[1]Reported in 92 Pac. 426.

DUNBAR, J.—This is an action commenced by the respondent against C. B. Beeson, principal, and H. B. Brokaw and J. W. Garvin, sureties, on a bond executed by appellants in favor of respondent to guarantee performance of the conditions of a lease of a steamboat, made by the respondent to the appellant Beeson. On the 13th day of April, 1905, the respondent executed to and with the appellant Beeson a certain lease of said steamer, wherein, among other things, Beeson agreed to pay as rental for said steamer the monthly sum of $50 payable in advance. It was also agreed that he should keep the said steamer clear and free from liens, and at the end of the demised term of six months from the date of said lease, deliver said steamer to the respondent at such point on Puget Sound or the bays thereof as the respondent should designate. One clause of the contract of lease is as follows:

"The second party will forthwith furnish good and sufficient bond, with sureties satisfactory to the first party, in the penal sum of two thousand ($2,000) dollars, conditioned for the full, faithful and exact performance of this contract and of all its terms and conditions, and especially for the return of the said steamer as herein provided."

In accordance with the terms of the agreement, the appellants Brokaw and Garvin entered into an obligation in favor of respondent, reciting the conditions as follows:

"Whereas, the principal obligor is this day leasing from the obligee the steamer Transport, her tackle, apparel and furniture, by written contract of lease, and

"Whereas, the said lease requires that the lessee, principal obligor herein, shall furnish to the obligee this bond for the full and exact performance of all the terms and conditions of the said lease;

"Now, therefore, if the said principal obligor, and his assigns, shall fully, faithfully and exactly perform the said lease and all the terms and conditions thereof, and especially shall, at the termination of the said lease or at the end of the demised term or earlier termination, as in said lease provided, return the said steamer in the manner therein provided, it

being understood and agreed that the return of the said steamer in accordance with the terms and provisions of the said lease shall not of itself release and discharge this obligation; then this obligation shall be void, otherwise to remain in full force and effect."

Upon the execution and delivery of this bond, the plaintiff delivered to the defendant the said steamer Transport, her tackle, apparel and furniture, complete as she stood upon the ways in the city of Ballard. Instead of returning the steamer at the end of the six months, it was not returned until December 31, 1905. Certain claims for labor and liens had attached against the steamer before it was returned, and this action is brought to recover said claims and for reasonable rental after the expiration of the six months' term. The court found that the claims in the aggregate amount to $1,724.68, all of which were valid liens enforcible in admiralty on said steamboat, tackle, apparel, and furniture; that of the $1,899.68 demanded by plaintiff, besides interest and costs, made up of said sum of $1,724.68 and $175 for the use of the steamboat from September 13, 1905, the sum of $1,423.61 was for debts incurred by the defendant Beeson subsequent to the expiration of the demised term October 13, 1905, and that no new or different agreement other than the original contract had been made or entered into between the parties touching said steamboat or the retention thereof by the defendant Beeson. The answer of the defendant Beeson was to the effect that he had not been credited with certain tackle and apparel which he had placed upon the steamer and which had been retained by the plaintiff, the respondent here. The answer of the bondsmen appellants, Brokaw and Garvin, pleaded the same matter in relation to the furnishing of the tackle; admitted the execution of the bond, but alleged that the larger part of the claim sued upon was contracted after the expiration of said lease, to wit, the 13th day of October, 1905; that $1,-423.61, the demand asked for in the complaint, was for obligations made after the expiration of said demised period, and

denied liability for such sum. Upon the trial the court entered judgment for the amount demanded, less a deduction made for the tackle and appliances which the respondent had the benefit of. The court also found that no demand had been made for the return of the boat by the respondent, the lessor, prior to its return. Judgment was entered for the sum of $1,638.04.

It is contended by the appellants that the bondsmen are not responsible for any violation of the lease contract after the term of six months had expired. It is hardly necessary to go into a discussion to determine whether this was a lease or a contract in bailment. Surety bonds will be construed as any other contract. They are contracts on the part of the sureties that they will stand good for the faithful performance of the contracts entered into by their principals. The bond is simply so much security for the faithful performance of the contract. This much is certain in this case, that if the terms of the contract had been complied with by the appellant, and the steamer returned according to the agreement, these liabilities would not have been incurred, and the steamer would not have been weighed down with incumbrances. So that it must necessarily follow that these elements of damage sued for result directly from a failure to return the boat at the end of six months as agreed, and the condition of the bond was a guaranty of the compliance with the contract, and especially for the return of the boat at the time specified. This condition is made prominent both in the lease and in the bond. There was an absolute agreement in the lease for the return of the steamer at the time specified, and that it should be kept free from liens. So that the only loophole of escape from the obligation is the claim that the respondent did not designate the particular spot or place where the steamer should be returned, notwithstanding the fact that no information on this subject was solicited by the appellant; and it does not appear that there was any controversy whatever on that subject, and

there is no indication from the findings that the want of designation of the point of reception was the cause in the slightest degree of the appellant's failure to comply with the terms of the contract in that regard.

It seems to us that it would be an exceedingly narrow construction to put on this contract that it was the duty of the respondent to designate the place of the return on the last day of the lease, or lose all benefits of the bond thereafter, and even according to appellant's contention, to lose all claim against Beeson alone for the payment of liens which he allowed to attach against the steamer subsequent to the expiration of the six months' term of lease. It is manifest that if it could not enforce a collection of such claims against the sureties, it could not enforce them against Beeson, for by the execution of the bond the sureties placed themselves in Beeson's shoes.

The case of *King County v. Ferry*, 5 Wash. 536, 32 Pac. 538, 34 Am. St. 880, 19 L. R. A. 500, cited and strongly relied upon by appellant, is not in point. What we held there was that, where the legislature had extended the term of office of an officer beyond the limit fixed by law at the time of his election and qualification, the sureties upon his bond could not be held liable for his official acts during such extended term; and while we found that there was an irreconcilable conflict of authority even upon that proposition, we adopted the view that, inasmuch as the term of office was fixed by law, the sureties could not be held reasonably to contemplate the unusual fact that the term would be extended; that from all the circumstances it could be gathered that it was not the intention of the parties to the contract to bind themselves beyond said fixed term, and that the bond like any other contract would be construed with reference to the intention of the parties. There the bond was for the faithful performance of the duties of the officer during the fixed term. But here not only is the obligation that certain things shall be done during the

term, but it is also a part of the obligation that the term shall cease at the time prescribed, and that the steamer shall be returned at such specified time. In the one case the termination of the office was absolutely beyond the control of the bondsmen or their principal. In the case at bar the termination of the lease was absolutely within their control, and was one of the essential things with reference to which they con- tracted.

The judgment is affirmed.

HADLEY, C. J., ROOT, MOUNT, and CROW, JJ., concur.

RUDKIN and FULLERTON, JJ., took no part.